**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-4419**

———————

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

JOHN THOMAS SMITH,

Defendant – Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Martin K. Reidinger, District Judge.  (3:09-cr-00040-MR-5)

———————

Submitted:  November 8, 2010        Decided:  November 29, 2010

———————

Before NIEMEYER, GREGORY, and DUNCAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

S. Frederick Winiker, III, WINIKER LAW FIRM, PLLC, Charlotte, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Thomas Smith appeals the 117-month sentence imposed following his guilty plea to one count of conspiracy to commit an offense against the United States, in violation of 18 U.S.C. § 371 (2006); one count of armed bank robbery, in violation of 18 U.S.C. §§ 2, 2113(d) (2006); and one count of possession of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 2, 924(c) (2006). Counsel for Smith filed a brief in this court in accordance with Anders v. California, 386 U.S. 738 (1967), certifying that there are no non-frivolous issues for appeal, but questioning whether the district court imposed an unreasonable sentence. Smith was informed of his right to file a pro se supplemental brief but did not do so. Finding no reversible error, we affirm.

Counsel does not challenge the validity of Smith's guilty plea. See United States v. General, 278 F.3d 389, 393 (4th Cir. 2002) (holding that the standard of review is plain error where defendant fails to object before the district court). Our review of the record reveals that the magistrate judge complied fully with the requirements of Federal Rule of Criminal Procedure 11. Therefore, we hold that Smith's guilty plea was knowing and voluntary, and we affirm the conviction.

Counsel challenges the reasonableness of Smith's sentence, but does not specify any deficiencies. We review a

2

sentence imposed by a district court under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 45 (2007); United States v. Lynn, 592 F.3d 572, 578-79 (4th Cir. 2010). We begin by reviewing the sentence for significant procedural error, including such errors as "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [2006] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence - including an explanation for any deviation from the Guidelines." Gall, 552 U.S. at 51. If there are no procedural errors, we then consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).

"When rendering a sentence, the district court 'must make an individualized assessment based on the facts presented.'" United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (quoting Gall, 552 U.S. at 50). Accordingly, a sentencing court must apply the relevant § 3553(a) factors to the particular facts presented and must "state in open court" the particular reasons that support its chosen sentence. Id. The court's explanation need not be exhaustive; it must be "sufficient 'to satisfy the appellate court that [the district court] has considered the parties' arguments and has a reasoned

3

basis for exercising [its] own legal decisionmaking authority.'" United States v. Boulware, 604 F.3d 832, 837 (4th Cir. 2010) (quoting Rita v. United States, 551 U.S. 338, 356 (2007)).

We conclude that the sentence imposed by the district court was both procedurally and substantively reasonable. The district court carefully calculated the Guidelines range and understood that it was advisory. Furthermore, it is apparent that the court considered both parties' arguments and had a reasoned basis for its decision. Smith's sentence is at the bottom of the applicable Guidelines range. See U.S. Sentencing Guidelines Manual ch. 5, pt. A (sentencing table). The district court did not commit error during sentencing.

In accordance with Anders, we have examined the entire record and find no other meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Smith, in writing, of the right to petition the Supreme Court of the United States for further review. If Smith requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Smith.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

4

before the court and argument would not aid the decisional process.

AFFIRMED